Bonete Guaillas v. Bondi

BIA
Bratton, IJ
A246 266 218/217/219

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-six.

PRESENT:
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

JACQUELINE MARLENE BONETE
GUAILLAS, OSCAR ALEXANDER
VELASQUEZ LUCAS, L.Z.V.B.,
*Petitioners,*

v.                                                      **24-2252**
                                                        **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,

*Respondent.**

_____

| | |
|---|---|
| **FOR PETITIONERS:** | Rosemarie A. Barnett, Law Office of Rosemarie Barnett, PLLC, Freeport, NY. |
| **FOR RESPONDENT:** | Brett A. Shumate, Assistant Attorney General; Leslie McKay, Assistant Director; Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jacqueline Marlene Bonete Guaillas, Oscar Alexander Velasquez Lucas, and their minor child, all natives and citizens of Ecuador, seek review of a July 31, 2024, decision of the BIA affirming a March 1, 2024, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bonete Guaillas, et al.*, Nos. A246 266 218/217/219 (B.I.A. July 31, 2024), *aff'g* Nos. A246 266 218/217/219 (Immig. Ct. N.Y. City Mar. 1, 2024). We assume the parties' familiarity with the

---

* The Clerk of Court is respectfully directed to amend the official caption as set forth above to abbreviate the name of the minor child.

2

underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA, i.e., minus the findings the BIA declined to reach, but including any additional reasoning provided by the BIA. *See Xue Hong Yang v. DOJ*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Petitioners' brief to the BIA neither challenged the IJ's denial of CAT relief nor addressed the IJ's finding that Petitioners had not shown that Ecuadorian authorities were unable or unwilling to protect them. We thus deny the petition because the BIA did not err in finding that Petitioners waived challenges to these dispositive grounds for the denial of asylum and withholding of removal, and Petitioners have abandoned review of the waiver determinations here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks

3

omitted)); *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) ("[T]his Court's review is limited to whether the BIA erred in deeming the argument waived.").

The IJ's unable-or-unwilling-to-protect finding was dispositive of asylum and withholding. *See Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) ("To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." (quotation marks omitted)). Thus, the BIA did not err in declining to reach the other grounds for the IJ's denial of those forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Even if we were to reach the merits of the unable-or-unwilling finding, the record does not compel a conclusion that the IJ erred. Petitioners alleged past persecution and fear of future persecution because their business was burgled in 2014 and because they were extorted and threatened in 2022. However, the police responded to the burglary (but could not identify the perpetrators from video surveillance), and the district attorney took the complaint of extortion (but

4

Petitioners left Ecuador just days later). Failure to resolve a specific incident or difficulty controlling crime is insufficient to establish an inability or unwillingness to protect. *See Scarlett*, 957 F.3d at 331.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court